Exhibit "A"

Filed: 3/24/2021 12:34 PM
David B. Lloyd, District Clerk
Johnson County, Texas
By: April Pectol, Deputy

CAUSE NO. DC-C202100137 _____

| | | |
|---|---|---|
| **HAMPTON & HARRISON LLC** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | Johnson County - 18th District Court |
| | § | |
| **v.** | § | **JOHNSON COUNTY, TEXAS** |
| | § | |
| **SENTINEL INSURANCE** | § | |
| **COMPANY LTD** | § | |
| **Defendant.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |

**CERTIFIED COPY** __15__ **PG(S)**
**DISTRICT COURT**

April 12, 2021

**DAVID R. LLOYD**
DISTRICT CLERK – JOHNSON COUNTY, TEXAS
BY _____ DEPUTY

---

**PLAINTIFF'S ORIGINAL PETITION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HAMPTON & HARRISON LLC, Plaintiff and files this *Plaintiff's Original Petition*, complaining of SENTINEL INSURANCE COMPANY LTD, collectively referred to as Defendant, and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of its suit.

### PARTIES

2.  Plaintiff HAMPTON & HARRISON LLC is a domestic entity with its principal place of business in Johnson County, Texas.

3.    Defendant, SENTINEL INSURANCE COMPANY, LTD is a domestic insurance company engaging in the business of insurance in the State of Texas. This defendant may be served with process by serving its registered agent, C T CORPORATION SYSTEM at 1999 BRYAN STREET, SUITE 900, DALLAS, TX 75201.

## JURISDICTION

4.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5.    The Court has jurisdiction over Defendant, SENTINEL INSURANCE COMPANY, LTD because the defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

6.    Venue is proper in Johnson County, Texas, because the insured property is situated in Johnson County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

7.    Plaintiff is the owner of a SENTINEL INSURANCE COMPANY, LTD policy number 46SBAAD7567 (hereinafter referred to as "the Policy"), which was issued by SENTINEL INSURANCE COMPANY, LTD.



Page 2

8.    Plaintiff owns the insured properties, which is specifically located at 8841 N Hwy 171 & 8837 N Hwy 171, GODLEY, TX 76044-3442, in Johnson County (hereinafter referred to as "the Properties").

9.    SENTINEL INSURANCE COMPANY, LTD sold the Policy insuring the Properties to Plaintiff.

10.   On or about April 29, 2020, a massive storm struck Johnson County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiff's properties. Plaintiff's roof and signs sustained extensive damage during the storm. Shortly after the storm, Plaintiff submitted a claim to SENTINEL INSURANCE COMPANY, LTD against the Policy for the damage to the Properties sustained as a result of the storm.    Plaintiff asked that SENTINEL INSURANCE COMPANY, LTD cover the cost of repairs to the Properties pursuant to the Policy.

11.   The claim number assigned by SENTINEL INSURANCE COMPANY, LTD is Y93F59103.

12.   Defendant SENTINEL INSURANCE COMPANY, LTD assigned an adjuster to the claim.    The adjuster assigned to Plaintiff's claim was improperly trained and failed to perform a reasonable or adequate inspection of the damages.    During the course of the inspection, the adjuster made the executive decision to severely underscope and undervalue most of Plaintiff's covered damages.  This is evidenced by the adjuster's estimate which severely undervalued   and  /or   omitted   the   damages.    Defendant   SENTINEL

Page

INSURANCE COMPANY, LTD denied coverage to much of Plaintiff's signs and failed to fully compensate for roof damage.

13.     As a result of the unreasonable investigation of Plaintiff's claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair its property), Plaintiff's claim was improperly and unreasonably adjusted.  The mishandling of Plaintiff's claim has also caused a delay in his ability to make necessary repairs to the Properties, which has resulted in additional and consequential damages.  To date, Plaintiff has yet to receive the full payment to which he is entitled under the Policy.

14.     As detailed in the paragraphs below, SENTINEL INSURANCE COMPANY, LTD wrongfully denied Plaintiff's claim for repairs to the Properties, even though the Policy provided coverage for losses such as those suffered by Plaintiff.   Furthermore, SENTINEL INSURANCE COMPANY, LTD underpaid some of Plaintiffs claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during the investigation.

15.     To date, SENTINEL INSURANCE COMPANY, LTD continues to delay in the payment for the damages to the properties.  As such, Plaintiff has not been paid any amount for the damages to his properties.



Page

16. Defendant SENTINEL INSURANCE COMPANY, LTD failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds due under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged properties, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a breach of the insurance contract between SENTINEL INSURANCE COMPANY, LTD and Plaintiff.

17. Defendant SENTINEL INSURANCE COMPANY, LTD misrepresented to Plaintff that the damage to the Properties was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18. Defendant SENTINEL INSURANCE COMPANY, LTD failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).



Page 6

19.    Defendant SENTINEL INSURANCE COMPANY, LTD failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendant SENTINEL INSURANCE COMPANY, LTD failed to offer Plaintiff adequate compensation, without any valid explanation why full payment was not being made. Furthermore, Defendant SENTINEL INSURANCE COMPANY, LTD did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20.    Defendant SENTINEL INSURANCE COMPANY, LTD refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant SENTINEL INSURANCE COMPANY, LTD failed to conduct a reasonable investigation. Specifically, Defendant SENTINEL INSURANCE COMPANY, LTD performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Properties. Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21.    Defendant SENTINEL INSURANCE COMPANY, LTD failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging

Plaintiffs' claim, beginning and investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.055.

22.  Defendant SENTINEL INSURANCE COMPANY, LTD failed to accept or deny plaintiff's full and entire claim within failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

23.  Defendant SENTINEL INSURANCE COMPANY, LTD failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for the claim. SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

24.  From and after the time Plaintiff's claim was presented to Defendant INSURANCE COMPANY, LTD, the liability of SENTINEL INSURANCE COMPANY, LTD to pay the full claim in accordance with the terms of the

Policy was reasonably clear. However, SENTINEL INSURANCE COMPANY, LTD has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a breach of the common law duty of good faith and fair dealing.

25. Defendant SENTINEL INSURANCE COMPANY, LTD knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

26. As a result of Defendant SENTINEL INSURANCE COMPANY, LTD's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST SENTINEL INSURANCE COMPANY, LTD

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

27. Defendant SENTINEL INSURANCE COMPANY, LTD are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.



**BREACH OF CONTRACT**

28.  Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a breach of the insurance contract made between SENTINEL INSURANCE COMPANY, LTD and Plaintiff.

29.  Defendant SENTINEL INSURANCE COMPANY, LTD's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of SENTINEL INSURANCE COMPANY, LTD's insurance contract with Plaintiff.

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

30.  Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).   All violations under this article are made actionable by TEX. INS. CODE §541.151.

31.  Defendant SENTINEL INSURANCE COMPANY, LTD's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

32.  Defendant SENTINEL INSURANCE COMPANY, LTD's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though SENTINEL

INSURANCE COMPANY, LTD's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

33. Defendant SENTINEL INSURANCE COMPANY, LTD's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

34. Defendant SENTINEL INSURANCE COMPANY, LTD's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

35. Defendant SENTINEL INSURANCE COMPANY, LTD's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).



Page 10

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

36.    Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

37.    Defendant SENTINEL INSURANCE COMPANY, LTD's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

38.    Defendant SENTINEL INSURANCE COMPANY, LTD's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

39.    Defendant SENTINEL INSURANCE COMPANY, LTD's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.



Page 11

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

40. Defendant SENTINEL INSURANCE COMPANY, LTD's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

41. Defendant SENTINEL INSURANCE COMPANY, LTD's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time SENTINEL INSURANCE COMPANY, LTD knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

42. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

**DAMAGES**

43. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

44. As previously mentioned, the damages caused by the storm have not been properly addressed or repaired in the time since the event, causing further damages to the Properties, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant SENTINEL

Page 13

INSURANCE COMPANY, LTD's mishandling of Plaintiff's claim in violation of the laws set forth above.

45.   For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

46.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

47.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

48.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

49.   For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable

and necessary services of Plaintiff's attorney in the preparation and trial of its action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

50.   Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Johnson County, Texas.

## DESIGNATED SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, filed and unfiled, pursuant to TEX. R. Civ.P.21(f)(2) and 21(a): wwatson@ccatriallaw.com, rkubik@ccatriallaw.com and egutierrez@ccatriallaw.com. As such, these are the ONLY electronic email addresses and undersigned counsel does NOT accept service through any other email address but requests a copy of all electronically served documents and notices, filed and unfiled be sent to danderson@ccatriallaw.com or scarrigan@ccatriallaw.com.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of its case, for all costs of Court on its

Page 15

behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.   In accordance with Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

Respectfully submitted,

CARRIGAN & ANDERSON, PLLC

/s/David M. Anderson
**David M. Anderson**
State Bar No. 24064815
**Stephen P. Carrigan**
State Bar No. 03877000
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
anderson@ccatriallaw.com
scarrigan@ccatriallaw.com
Legal Assistant: wwatson@ccatriallaw.com
Legal Assistant: rkubik@ccatriallaw.com
Legal Assistant: egutierrez@ccatriallaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS – COUNTY OF JOHNSON**
**I HEREBY CERTIFY THAT**
**THE ABOVE IS A TRUE AND CORRECT COPY OF**
**THE ORIGINAL RECORD ON FILE IN MY OFFICE**
**DAVID R. LLOYD**
**DISTRICT CLERK – JOHNSON COUNTY, TEXAS**
DATE April 12, 2021
BY _____ DEPUTY



Filed: 3/24/2021 12:34 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: April Pectol, Deputy

# CARRIGAN & ANDERSON, PLLC

101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401

Telephone
361 884-4433

Facsimile
361-884-4434

March 23, 2021



CERTIFIED COPY ___1___ PG(S)

**DISTRICT COURT**

April 12, 2021

**DAVID R. LLOYD**

DISTRICT CLERK - JOHNSON COUNTY, TEXAS

BY _____ DEPUTY

Honorable David Lloyd
Guinn Justice Center
204 South Buffalo Ave.
Cleburne, Texas 76033

Re:   Cause No. ___DC-C202100137___; Hampton & Harrison, LLC v. Sentinel Insurance
      Company, Ltd.; In the Johnson County 18th District Court of Johnson County, Texas

Dear Clerk:

      Please issue a citation to Defendant, SENTINEL INSURANCE COMPANY,
LTD., by serving with process thru its registered agent, CT CORPORATION SYSTEM,
1999 Bryan St., Suite 900, Dallas, Texas 75201.  **Service of process will be by
Certified Mail Return Receipt Requested by the Court Clerk.**

      Should you have any questions regarding the foregoing, please do not hesitate
to contact me at (713) 739-0810 x 202.

                        Very truly yours,

                        */s/ Wendy Watson*

                        Wendy Watson
                        Legal Assistant to David M. Anderson

:/ww



**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS – COUNTY OF JOHNSON**
**I HEREBY CERTIFY THAT**
**THE ABOVE IS A TRUE AND CORRECT COPY OF**
**THE ORIGINAL RECORD ON FILE IN MY OFFICE**
**DAVID R. LLOYD**
**DISTRICT CLERK – JOHNSON COUNTY, TEXAS**
DATE April 12, 2021
BY _____ DEPUTY



# State of Texas

FILED
JOHNSON COUNTY, TEXAS

18TH DISTRICT COURT

DISTRICT CLERK

ATTORNEY 5901 APRIN11FPM6)4: 34

DAVID R. LLOYD
GUINN JUSTICE CENTER
P.O. BOX 495
CLEBURNE, TEXAS 76033

DAVID M ANDERSON
5900 MEMORIAL DRIVE
SUITE 210
HOUSTON, TEXAS 77007

=======================================================================

## CITATION - CIVIL

=======================================================================

### (PLAINTIFF'S ORIGINAL PETITION)
CAUSE NO. **DC-C202100137**

**CERTIFIED COPY __4__ PG(S)**
**DISTRICT COURT**

NOTICE TO DEFENDANT:

YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND ORIGINAL PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG.

TO: **SENTINEL INSURANCE COMPANY, LTD**
**%REGISTERED AGENT, CT CORPORATION SYSTEM**
**1999 BRYAN STREET, SUITE 900**
**DALLAS, TEXAS 75201**

DEFENDANT - GREETINGS:

You are hereby commanded to appear by filing a written answer to the plaintiff's
**O R I G I N A L**
original petition by 10:00 a.m. of the Monday next following the expiration of twenty (20) days after the service date of this citation and original petition before the Honorable **18TH DISTRICT COURT** of Johnson County, Cleburne, Texas.

Said **O R I G I N A L** original petition was filed in said court on the **24TH DAY OF MARCH, 2021**, in this cause numbered **DC-C202100137**, on the docket of said court, and styled:

### HAMPTON & HARRISON, LLC PLAINTIFF VS. SENTINEL INSURANCE COMPANY, LTD DEFENDANT

The nature of this demand is fully shown by a true and correct copy of the original petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to the requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office in Cleburne, Texas, this **25TH DAY OF MARCH, 2021**.

DAVID R. LLOYD - DISTRICT CLERK
18TH DISTRICT COURT
JOHNSON COUNTY, TEXAS

BY

**OFFICER'S / AUTHORIZED PERSON'S RETURN**

CAUSE NO. **DC-C202100137**

Came to hand the **25th** day of **March** , **2021**, at **8:29** o'clock **A** .m., and executed in **Dallas** County, Texas, on the **29th** day of **March** , **2021**, at **6:38** o'clock **P** .m., by delivering to the within-named **Shane** , in person, a true copy of this citation, with an accompanying copy of the original petition, having first attached such copy of original petition to such copy of citation and endorsed on such copy of citation the date of delivery.

FEES:
Serving Writ: $ **85 00**

Sher./Const. /Auth. Person

Cert Mail
**7019 2970 0000 6249 0277**

Johnson County, Texas

By _____ Deputy

SUBSCRIBED AND SWORN TO by _____, before me, the
undersigned authority, this _____ day of _____, _____.

_____          _____
Notary Public (State of Texas)          Notary Public (Printed Name)

Commission Expiration: _____



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**SENTINEL INSURANCE COMPANY, LTD**
**%REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS, TEXAS 75201**

9590 9402 5920 0049 0670 79

2. Article Number *(Transfer from service label)*

7019 2970 0000 6249 0277

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

FILED   MAR 29 2021
JOHNSON COUNTY

2021 APR -1  AM 10: 33

DAVID R. LLOYD
DISTRICT CLERK

BY

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

DC C202100137 (DIST CLERK)

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | $ | |
|---|---|---|
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | | |
| Total Postage and Fees | | |
| $ | | |

Sent To **SENTINEL INSURANCE COMPANY, LTD**
**%REGISTERED AGENT**
Street **CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
City, State, ZIP+4 **DALLAS, TEXAS 75201**

7019 2970 0000 0249 0277

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

---

**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS – COUNTY OF JOHNSON**

I HEREBY CERTIFY THAT
THE ABOVE IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD ON FILE IN MY OFFICE

**DAVID R. LLOYD**
DISTRICT CLERK – JOHNSON COUNTY, TEXAS

DATE April 12, 2021

BY _____ DEPUTY





U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*®.

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)       $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery  $

Postage
$

Total Postage and Fees
$

Sent To  SENTINEL INSURANCE COMPANY, LTD
         %REGISTERED AGENT
         CT CORPORATION SYSTEM
Street and  1999 BRYAN ST SUITE 900
            DALLAS, TEXAS 75201

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions



CERTIFIED COPY ___1___ PG(S)
DISTRICT COURT

April 12, 2021

DAVID R. LLOYD
DISTRICT CLERK – JOHNSON COUNTY, TEXAS
BY _____ DEPUTY



CERTIFIED COPY CERTIFICATE
STATE OF TEXAS – COUNTY OF JOHNSON

I HEREBY CERTIFY THAT
THE ABOVE IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD ON FILE IN MY OFFICE
DAVID R. LLOYD
DISTRICT CLERK – JOHNSON COUNTY, TEXAS
DATE April 12, 2021
BY _____ DEPUTY





**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**SENTINEL INSURANCE COMPANY, LTD**
**%REGISTERED AGENT**
**CT CORPORATION SYSTEM**
**1999 BRYAN ST SUITE 900**
**DALLAS, TEXAS 75201**

9590 9402 5920 0049 0670 79

2. Article Number *(Transfer from service label)*

7019 2970 0000 6249 0277

PS Form **3811**, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

- [ ] Agent
- [ ] Addressee

X

B. Received by *(Printed Name)*   C. Date of Delivery

RECEIVED
JOHNSON COUNTY   MAR 2 9 2021

2021 APR -1  AM 10: 33

D. Is delivery address different from item 1?  [ ] Yes
If YES, enter delivery address below:  [ ] No

DAVID R. LLOYD
DISTRICT CLERK

3. Service Type
- [ ] Adult Signature
- [ ] Adult Signature Restricted Delivery
- [ ] Certified Mail®
- [ ] Certified Mail Restricted Delivery
- [ ] Collect on Delivery
- [ ] Collect on Delivery Restricted Delivery
- [ ] Insured Mail
- [ ] Insured Mail Restricted Delivery (over $500)

- [ ] Priority Mail Express®
- [ ] Registered Mail™
- [ ] Registered Mail Restricted Delivery
- [ ] Return Receipt for Merchandise
- [ ] Signature Confirmation™
- [ ] Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**CERTIFIED COPY** ___1___ **PG(S)**
**DISTRICT COURT**

April 12, 2021

**DAVID R. LLOYD**
DISTRICT CLERK   JOHNSON COUNTY, TEXAS
BY _____ **DEPUTY**



---



**CERTIFIED COPY CERTIFICATE**
**STATE OF TEXAS – COUNTY OF JOHNSON**
I HEREBY CERTIFY THAT
THE ABOVE IS A TRUE AND CORRECT COPY OF
THE ORIGINAL RECORD ON FILE IN MY OFFICE
**DAVID R. LLOYD**
DISTRICT CLERK – JOHNSON COUNTY, TEXAS
DATE April 12, 2021
BY _____ **DEPUTY**

