IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAMPTON & HARRISON LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-898-K |
| | § | |
| SENTINEL INSURANCE COMPANY LTD., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Federal courts are vested with subject matter jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," or where the case in controversy exceeds $75,000 and is between citizens of different states, or between citizens of a state and citizens or subjects of a foreign state. 28 U.S.C. §§ 1331, 1332(a)(1)-(2). A federal court has no power to adjudicate claims where subject matter jurisdiction does not exist and, consequently, must dismiss the action. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998); *see* FED. R. CIV. P. 12(h)(3). The Court has an obligation to examine its subject matter jurisdiction *sua sponte* at any time. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."). Subject matter jurisdiction may not be waived. *See Ruhrgas AG*, 526 U.S. at 583.

1

The party seeking the federal forum bears the burden of establishing subject matter jurisdiction. *See St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see also iGPS Co., LLC v. Nat'l Wooden Pallet & Container Ass'n*, 3:11-CV-108-L, 2011 WL 4526087, at *2 (N.D. Tex. Sept. 28, 2011) (Lindsay, J.). This case was removed to this Court based on diversity jurisdiction by Defendant Sentinel Insurance Company, Ltd. ("Defendant"). The amount in controversy is not in question; however, the diversity of citizenship of the parties is.

The party seeking to invoke diversity jurisdiction has the burden of pleading the complete diversity of the parties' citizenship. *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). The diversity of the parties' citizenship must be complete in that one of the plaintiffs cannot share the same state citizenship as one of the defendants. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "When jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988).

It is unclear from the pleadings in this case whether there is complete diversity. Defendant has not sufficiently alleged the citizenship of Plaintiff Hampton & Harrison LLC ("Plaintiff") in its Notice of Removal (Doc. No. 1). Plaintiff is a limited liability company, the citizenship of which is determined by the citizenship of each of its members. *See Carden v. Arkoma Associates*, 494 U.S. 185, 196 (1990) (diversity jurisdiction is determined by citizenship of "all the members" of the unincorporated

2

entity or association); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008) (citizenship of LLC is determined by the citizenship of all of the members); *Corfield,* 355 F.3d at 856-57; *see also Basurto v. Mervyn's, LLC*, No. 3:07-CV-0174-G, 2007 WL 390711, at *1 (N.D. Tex. Jan. 30, 2007) (Fish, C.J.) (citizenship of limited liability company not determined by the state in which it was organized unless one of its members is a citizen of that state). Defendant alleges: "According to Plaintiff's Certificate of Formation for a Texas Limited Liability Company . . . , Plaintiff's governing member, Ben Davis, initially listed an address at 2001 Beach Street Suite 626, Fort Worth, Texas 76103", but "Plaintiff filed a Certificate of Amendment . . . and added Kila Davis as a manager/member, listing the address for both Ben Davis and Kila Davis as 13800 FM 2331, Godley, Texas 76044. Accordingly, Plaintiff is a citizen of Texas for diversity jurisdiction purposes." Doc. No. 1 at ¶ 3. Defendant improperly equates residence with citizenship and therefore fails to establish each member's citizenship. As such, the Notice of Removal that is before the Court does not clearly establish Plaintiff's citizenship.

Defendant's allegation of Ben Davis and Kila Davis's residence is not an allegation of citizenship. "[C]itizenship and residence, as often declared by this court, are not synonymous terms." *Robertson v. Cease*, 97 U.S. 646, 648 (1878). "In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. A person's state of domicile

3

presumptively continues unless rebutted with sufficient evidence of change. Domicile requires the demonstration of two factors: residence and the intention to remain." *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011) (citations and internal quotation marks omitted); *see also Fiduciary Network, LLC v. Buehler*, No. 3:15-CV-0808, 2015 WL 2165953, at *2 (N.D. Tex. May 8, 2015) (Lynn, J.) (citing *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007)). Merely alleging Ben Davis and Kila Davis's residential address does not establish their citizenships for purposes of establishing Plaintiff's citizenship for diversity jurisdiction. *See Preston*, 485 F.3d at 799. In accordance with the foregoing, Defendant must establish Ben Davis and Kila Davis's citizenship, not just where they reside, to properly establish Plaintiff's citizenship.

The party seeking the federal forum bears the burden of establishing subject matter jurisdiction. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253. As previously discussed, the Court concludes that Defendant has failed to meet its burden to properly allege Plaintiff's citizenship. Accordingly, the Court **orders** Defendant to amend its Notice of Removal <u>within seven (7) days from the date this order is signed</u>. Each party's Certificate of Interested Persons/Disclosure Statement must also properly reflect the citizenship of each party.

**<u>Failure to comply with this order will result in remand to state court without further notice</u>**. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any

4

time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.").

**SO ORDERED.**

Signed May 5th, 2021.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE